**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1777-15T1

SANDRA VILLEGAS,

    Plaintiff-Respondent,

v.

JAMES VILLEGAS,

    Defendant-Appellant.

_____

Submitted May 8, 2017 — Decided July 10, 2017

Before Judges Nugent and Currier.

On appeal from the Superior Court of New
Jersey, Chancery Division, Family Part,
Passaic County, Docket No. FM-16-574-10.

LaRocca Hornik Rosen Greenberg & Patti, LLC,
attorneys for appellant (Frank J. LaRocca,
Sarah Martynowski, and Stacey L. Miller, on
the briefs).

Geraldine E. O'Kane, attorney for respondent.

PER CURIAM

    Defendant James Villegas appeals from the October 15, 2015
order, reinstating the equitable distribution (ED) award from the
Judgment of Divorce (JOD) after remand from this court. Because

we are satisfied that the family part judge adequately clarified his reasoning for the ED, as directed in the remand, we affirm.

After nineteen years of marriage, plaintiff Sandra Villegas filed a complaint for divorce. Following a trial, a JOD was entered in June 2011; an accompanying memorandum of decision was issued in November 2012. Defendant appealed from the court's decision, specifically challenging the determinations of alimony and child support, and the allocation of college costs. In our review, we found no reason to disturb the judge's calculations of income for alimony, child support, and college cost allocations, and affirmed those awards. Villegas v. Villegas, No. A-2516-11 (App. Div. August 11, 2014).

In its consideration, however, the panel queried whether the ED decision in which both parties kept their respective accounts was correct. It appeared that plaintiff was favored by $81,500 ($14,000 of plaintiff's current account monies and $67,500 of plaintiff's funds in her own investment accounts). As a result, we remanded the matter "for clarification . . . as to whether [the judge] intended to allow plaintiff to retain the [excess monies], and to articulate his reasons for the allocation, or whether the allocation was an oversight and if so what distribution would be appropriate." Id. (slip op. at 23-24)

A-1777-15T1

In response, the family part judge issued an order and supplemental memorandum of decision amending the JOD. In the memorandum, the judge stated that he intended the difference between the $126,000 alimony award and $140,000 defendant was entitled to under ED - $14,000 - to be an offset as he had granted plaintiff less years in alimony than requested, and he found the amount she had requested likely not enough to meet her overall budget. Therefore, the $14,000 difference was intentional.

The judge further determined that he had "overlooked" the credit to which defendant was entitled with regard to plaintiff's assets that she had used to buy out defendant's interest in the marital home ($40,000) and the purchase of the building housing her business ($95,000) totaling $135,000. Using the 50/50 ED split set forth in the JOD, the judge concluded that defendant was entitled to $67,500.

Plaintiff moved for reconsideration of the court order, advising that both the Appellate Division and the trial judge were mistaken in their respective calculations of the funds comprising the $135,000. She attributed the error to the fact that she had not changed the figure listed on her "Assets" section of her Case Information Statement (CIS) from the time of its filing through the trial. The figure of $265,000 noted under "Assets" in the CIS at the time of the filing of the complaint had diminished to

$77,000 at the time of trial. Plaintiff had withdrawn monies for the purchase of defendant's interest in the marital estate, as well as the purchase of her business and building, and its concomitant costs.

In an oral ruling on March 27, 2015, the judge agreed that he, in fact, had been mistaken in his December 2014 order, and that after a more thorough review of the papers and trial testimony, it was "very very clear" that the $265,000 had been "double counted" by himself and the Appellate Division. He concurred that there was only $77,000 that remained available for distribution in plaintiff's personal accounts at the time of trial. The judge also noted that defendant had not raised the issue of an unbalanced ED in the appeal nor contested in any manner the distribution of the parties' accounts.

In a supplemental memorandum and order of October 15, 2015, the judge memorialized his oral decision. He reiterated that the award of ED in the JOD included the $265,000 listed in the CIS, and that plaintiff's oversight in not changing the figure at trial had caused some confusion to both this court and himself upon remand.

In this appeal, defendant asserts that the trial court failed to comply with this court's order to articulate its reasons for the allocation of the parties' assets, and its calculations remain

4

ambiguous.[1] In positing this argument, defendant does not provide any specific information or calculations to support his entitlement to an additional $67,000 in ED. As noted, defendant did not argue in the first appeal that the allocation of ED was incorrect. He does not dispute plaintiff's accounting of the monies in her personal accounts.

We are satisfied that the trial judge adequately accounted for the allocation of the ED in his March 2014 oral decision and October 15 memorandum. Contrary to defendant's assertion, we did not order defendant be awarded $67,000; we requested clarification and a reasoning for the allocation. That was accomplished on remand.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[1] Defendant does not contest the trial court's determination that $14,000 was an offset of the award of alimony to plaintiff against the differential in ED.